**Harry E. Jarvis, Appellee, v. G. & J. Coal Company, Appellant.**

### Gen. No. 6,203. (Not to be reported in full.)

Appeal from the Circuit Court of La Salle county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 9, 1916. Rehearing denied October 5, 1916.

## Statement of the Case.

Action by Harry E. Jarvis, plaintiff, against G. & J. Coal Company, defendant, to recover a rental of fifteen dollars per year for the years ending July 22, 1913, 1914 and 1915, for certain coal mining rights beneath the surface of certain lands pursuant to a written lease. From a judgment for plaintiff, on trial by the court without a jury, defendant appeals.

I. I. HANNA, for appellant.

R. A. GREEN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 33*—*when description of premises in lease is not erroneous.* Where premises intended to be leased were correctly, completely and precisely described in the lease by boundary monuments, *held* that the lease was not rendered void by a purported description therein also of the lands according to legal sectional subdivisions which was erroneous.

2. NOTICE, § 13*—*when possession of surface of land is notice of rights to land underneath surface.* Possession of the surface of land is possession also of the land underneath the surface, and is notice to every one of the rights of the possessor.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. CORPORATIONS, § 175*—*when withdrawing stockholder may not buy adverse interest.* Where certain stockholders in a corporation took for the corporation in their own names a lease of the right to haul coal through all entries, passages and openings in certain land, which lease they thereafter assigned to the corporation, *held* that one of such stockholders would have the right, after his withdrawal from the corporation, to buy the lessor's interest in the lease and his mining rights in the land, and to enforce the payment of rent under the lease against the corporation as assignee of the lessees therein.